UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MATTHEW A. SIMPSON (#13219-171) | DOCKET NO. 15-CV-2106; SEC. P |
| VERSUS | JUDGE DRELL |
| USA, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Matthew A. Simpson filed the instant civil rights complaint in forma pauperis and pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>[1] and the Federal Tort Claims Act[2] (FTCA). Plaintiff is an inmate in the custody of the U.S. Bureau of Prisons ("BOP") incarcerated at the United States Penitentiary in Pollock, Louisiana. Plaintiff complains that, while housed at the United States Penitentiary in Pollock, Louisiana, he was subjected to excessive force by Officer Perry. He originally named as defendants the United States, Officer Perry, Warden Carvajal, J. Tucker-Hill, and G. Beasely, but has since voluntarily dismissed Carvajal, Tucker-Hill, and Beasley.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

[2] 28 U.S.C. §§ 1346 and 2671.

### *Factual Allegations*

Plaintiff alleged that on April 19, 2014, he was assaulted by Officer Perry. He states that he was instructed to put his hands on the wall. After doing so, Perry forcefully slammed Plaintiff in to the wall. Perry and other officers, whose identities are unknown, lifted Plaintiff off the ground and slammed him to the concrete floor. Plaintiff was then repeatedly kneed in his face. Plaintiff alleges that Perry picked Plaintiff's head up off the ground and slammed it again to the concrete, causing Plaintiff to lose consciousness. [Doc. #1, p.6] Plaintiff was transported to the hospital where a CT scan was performed. He alleges that he suffered a minor concussion and was provided 600mg ibuprofen for pain. [Doc. #1, p.6]

Following the incident, Plaintiff was placed in the special housing unit for his safety. He alleges that, while housed in the special housing unit, he was subjected to additional mistreatment. He was fearful that Officer Perry would tamper with his food, so Plaintiff did not eat meals served by that officer. [Doc. #1, p.6]

### *Law and Analysis*

The United States has sovereign immunity from suit except when it waives this immunity by consent. <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941). The FTCA provides consent for suit against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission

of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

Several exceptions limit the waiver of immunity under the FTCA. The exception applicable in this case, the intentional tort exception, provides that the FTCA does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. §2680(h). However, §2680(h) does not eliminate FTCA jurisdiction in all circumstances. It contains a law enforcement proviso that retains jurisdiction "with regard to acts or omissions of investigative or law enforcement officers of the United States Government" for "any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution." United States v. Shearer, 473 U.S. 52, 57 (1985). The statute defines "investigative or law enforcement officer" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." Id.

In general, BOP officials are law enforcement officers within the meaning of §2680(h). See Chapa v. U.S. Dep't of Justice, 339 F.3d 388, 390 (5th Cir. 2003)(relying on Carlson v. Green, 446 U.S. 14 (1980)). To fall within the parameters of the law enforcement

proviso, Plaintiff's complaint "must at a minimum" allege wrongdoing based upon acts or omissions that occurred while the BOP officials were engaged in investigative or law enforcement activities. Cross v. United States, 159 Fed. App'x 572, 576 (5th Cir.2005) (quoting Employers Ins. v. United States, 815 F.Supp. 255, 259 (N.D.Ill.1993)). Perry was not engaged in investigative or law enforcement activities when he allegedly assaulted Plaintiff. Therefore, Plaintiff's claim for damages stemming from the defendants' assault and battery are banned under §2680(h).

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's FTCA claim against the United States be **DISMISSED** for lack of jurisdiction.

Service of process of Plaintiff's excessive force claim against Officer Perry will be addressed in a separate Court order.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.

Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _10th_ day of November, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE